IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **DAMON SCHEXNIDER** § | |
| § | |
| § | |
| **VS.** § | |
| § | CIVIL ACTION NO. _____ |
| § | |
| § | |
| **LG CHEM, LTD.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff DAMON SCHEXNIDER complains of Defendant LG CHEM, LTD. as follows:

**Nature of action**

1. This is an action by Schexnider for injuries sustained when a model 18650 battery designed, manufactured, and distributed by Defendant LG Chem, Ltd. exploded.

**Parties, Jurisdiction, and Venue**

2. Plaintiff Damon Schexnider is an individual domiciled in Upshur County, Texas who is a citizen of the State of Texas.

3. Defendant LG Chem, Ltd. is a foreign corporation with its principle place of business in Seoul, Republic of Korea and is a citizen of the Republic of Korea. Said Defendant may be served at LG Twin Towers 128, Yeoui-daero, Yeongdeungpo-gu, Seoul, 150-721, Korea. Said Defendant may be served in accordance with the Hague Convention. First, Plaintiff will ensure the Complaint and summons are translated

and then served through the Central Authority in South Korea. Because LG Chem, is a foreign corporation and service on it will be made in a foreign county, the 90-day time limit for service in Fed. R. Civ. P. 4(m) does not apply.

4. The Court has subject matter jurisdiction over this case under 28 U.S.C. section 1332(a)(2) because this suit is between a citizen of the State of Texas and a citizen of the Republic of Korea, and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this district under 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

6. This Court has personal jurisdiction over LG Chem because LG Chem has purposefully availed itself of the privilege of conducting activities within Texas. These contacts were deliberate on the part of LG Chem and not isolated, random, or fortuitous. LG Chem designed and manufactured its 18650 lithium-ion batteries for the Texas market, advertised them in Texas, and marketed them in Texas through a distributor that sold them in Texas. LG Chem has cultivated a market for its 18650 lithium-ion batteries in the State of Texas, LG Chem has sold thousands of its 18650 lithium-ion batteries in the State of Texas, LG Chem knew that its 18650 lithium-ion batteries were being purchased and sold for use in e-cig devices, and the LG Chem 18650 lithium-ion battery that caused Schexnider's injuries malfunctioned in the State of Texas, and Schexnider is a Texas citizen.

7. This Court has personal jurisdiction over LG Chem because LG Chem has systematically, purposefully, and repeatedly served and exploited a market in Texas

for the very batteries that malfunctioned in Texas and injured Schexnider. Schexnider's claims relate to LG Chem's purposefully activities in the State of Texas of developing, serving, and exploiting a market in Texas for the type of batteries that caused Schexnider's injuries in Texas.

8. This Court has personal jurisdiction over LG Chem becauseLG Chem has purposefully exercised the privilege of conducting activities within the State of Texas, thereby enjoying the benefits and protections of Texas law, including by selling thousands of 18650 lithium-ion batteries in the State of Texas. LG Chem therefore has fair warning that its particular activities in the State of Texas – the sale of 18650 lithium-ion batteries – may subject it to the jurisdiction of Texas courts for claims that relate to LG Chem's sale of the 18650 lithium-ion batteries in the State of Texas.

9. Because a prior lawsuit by Schexnider asserting the same causes of action against LG Chem was filed in a different court within the applicable statute of limitations and was dismissed without prejudice due to purported lack of jurisdiction, Schexnider's claims against LG Chem are timely pursuant to Tex. Civ. Prac. & Rem. Code section 16.064 as this action was filed within sixty days of the prior dismissal becoming a final order.

## Facts

10. LG Chem marketed, manufactured, designed and sold the e-cigarette battery purchased by Plaintiff at E-Cig Central, a retail store located at 2206 Gilmer Road, Longview, Gregg County, Texas.

11. In the timeframe of approximately January-July 2017, Schexnider purchased vaping/e-cigarette equipment, including but not limited to batteries to utilize with the equipment, from E-Cig Central.

12. On or about July 1, 2017, Schexnider had an 18650 lithium-ion battery (orange or bronze in color) that was manufactured, designed, and sold by LG Chem in his pocket, when suddenly and without warning, the battery exploded in Schexnider's pocket. The venting mechanism for the battery failed, which was a proximate cause of the explosion of the battery.

13. As a result of the explosion, Schexnider suffered first, second, and third degree burns to his body, having to undergo debridement and skin graft as a result of his injuries.

### Count I – Negligence

14. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

15. LG Chem had a duty to exercise reasonable care in the design, sale, marketing, promotion, and distribution of its 18650 lithium-ion batteries including a duty to assure that the product did not spontaneously explode or catch fire.

16. LG Chem designed, fabricated, assembled, marketed and sold or otherwise placed into commerce the e-cigarette batteries in question in this case.

17. LG Chem failed to exercise ordinary care in the design, sale, marketing, promotion, and distribution of its 18650 lithium-ion batteries in that LG Chem knew, or should have known, that the batteries had a high risk of spontaneously

catching fire or exploding, and LG Chem failed to use due care in designing and testing the 18650 lithium-ion batteries so as to avoid the aforementioned risks to users.

18. LG Chem, *inter alia,* has cultivated a market for its 18650 lithium-ion batteries in the State of Texas, LG Chem has sold thousands of its 18650 lithium-ion batteries in the State of Texas, LG Chem knew that its 18650 lithium-ion batteries were being purchased and sold for use in e-cig devices.  In fact, LG Chem sent correspondence to various individual retailers discussing the use of these batteries for e-cig devices.

19. However, in spite of this actual knowledge of the use of its product, as well as the sudden increase in sales of these batteries, LG Chem took precious little action to warn consumers and retailers or the true risks of these batteries.  LG Chem only undertook to slightly reduce the tab thickness of one end of its batteries as opposed to undertaking more significant means to prevent fires and explosions, of which it was well aware, per the testimony of its corporate representative (from another case) Yoon Shin.  LG Chem continued to market, distribute, and sell the 18650 batteries despite the fact that LG Chem knew or should have known that the batteries were catching fire or exploding.

20. LG failed to make reasonable efforts to ensure that its 18650 lithium-ion batteriess were not unreasonably dangerous to consumers and failed to issue any type of recall notice.

21. LG Chem's failure to produce a reasonably safe battery was negligent.

22. As a result, unwitting consumers (including Plaintiff) purchased the batteries and used them in a manner which would be likely to cause explosions or fires, thus injuring consumers.

23. LG Chem knew or should have known that users such as Schexnider would foreseeably suffer injury as a result of LG Chem's failure to exercise ordinary care as described above.

24. Schexnider's injuries and damages as described herein were a foreseeable, direct, and proximate result of the negligence of LG Chem, and for which Plaintiff sues Defendant LG Chem.

### Count II – Products Liability – Design Defect

25. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

26. LG Chem had a products-liability duty under Texas law to design, manufacture, and market products, including its 18650 lithium-ion batteries, that were not unreasonably dangerous or defective, but which were safe for their users, including Schexnider. At the time of Schexnider's injuries, LG Chem's 18650 lithium-ion batteries were defective and unreasonably dangerous to foreseeable consumers and users, including Schexnider.

27. At all times herein mentioned, LG Chem designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed the 18650 batteries as hereinabove described that were used by Schexnider.

28. LG Chem's 18650 lithium-ion batteries were expected to and did reach users, consumers, handlers, and persons coming into contact with said product, including Schexnider, without substantial change in condition in which it was produced, manufactured, sold, distributed, and marketed by LG Chem.

29. At those times, LG Chem's 18650 batteries were in an unsafe, defective, and inherently dangerous condition, which was unreasonably dangerous to users for its intended or reasonably foreseeable use, and in particular, plaintiff Schexnider herein.

30. LG Chem's 18650 batteries were designed, manufactured, promoted, sold, and introduced into the stream of commerce by LG Chem.

31. When it left the control of LG Chem, the 18650 battery at issue was expected to, and did, reach its end users, including Schexnider, without substantial change from the condition in which it left LG Chem's control.

32. LG Chem's 18650 battery was defective when it left LG Chem's control and was placed in the stream of commerce in that there were foreseeable risks that exceeded the benefits of the product and posed a risk of serious injury and death. There were conditions of the 18650 lithium-ion battery that rendered it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use for which there was a safer alternative design that would have prevented or significantly reduced the risk of the injury in question without substantially impairing the products' utility and was economically and technologically feasible at the time the products left the control of LG Chem by

the application of existing or reasonably achievable scientific knowledge. A safer alternative design of the battery would have included, *inter alia,* a substantial reduction in the tab thickness of the battery that, without impairing function or utility, would have eliminated the danger of spontaneous fires and/or explosions.

33. Even though a safer alternative design was available, LG only undertook to slightly reduce the tab thickness of the battery, in response to the hundreds – if not thousands – of known (at the time) complaints of fires and explosions when these batteries were used in any e-cig devices. The design remained unreasonably dangerous, while safer alternative designs existed that were technologically practical and would have eliminated the defect that caused the battery in Schexnider's possession to explode, and LG failed to undertake appropriate measures to make the product reasonably safe. The design of LG Chem's 18650 lithium-ion battery is more dangerous than a reasonably prudent consider would expect when used in its intended or reasonably foreseeable manner. It was more dangerous than Schexnider expected.

34. It is highly unlikely that users of LG Chem's 18650 lithium-ion batteries would be aware of the risks associated with these batteries through either warnings, general knowledge or otherwise, and Schexnider specifically was not aware of these risks, no would Schexnider has expected them.

35. Schexnider could not, by the exercise of reasonable care, have discovered defects in the 18650 batteries herein mentioned and perceived their dangers.

36. The defective design of LG Chem's e-cigarette batteries, whether taken singularly or in any combination with other defects or allegations of fault herein, was a producing cause of Plaintiff's injuries and damages, which are set forth in further detail below, and for which Plaintiff sues Defendant LG Chem.

### Actual Damages

37. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38. As a result of the design and/or manufacturing defects of the 18650 lithium-ion batteries and as a direct and proximate result of the negligence of LG Chem, as set out above, Schexnider suffered severe bodily injuries and damages to his leg and buttocks. Because of the nature and severity of the injuries Schexnider sustained, he has suffered the following elements of actual damages in the past, and he will in reasonable probability suffer them in the future:

    A. Physical pain and suffering;

    B. Mental anguish;

    C. Physical impairment;

    D. Loss of earning capacity;

    E. Reasonable and necessary expenses for medical treatment; and

    F. Disfigurement.

39. Schexnider sues LG Chem for the full amount of his damages, as determined by a jury.

## Gross Negligence/Punitive Damages

40.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41.  LG Chem placed its 18650 lithium-ion batteries into the stream of commerce with wanton and reckless disregard for public safety. LG Chem's conduct was extreme and outrageous. LG Chem risked the lives and health of consumers and users of its products, including Schexnider, with the knowledge of the safety problems that LG Chem had during all relevant times, including the specific danger of fire and/or explosion experienced by Schexnider. LG Chem made the conscious decision not to redesign the batteries.

42.  LG Chem's 18650 lithium-ion battery was in an unsafe, defective, and inherently dangerous condition. It contains defects in its design that render the product dangerous to consumers, such as Schexnider, when used as intended or as reasonably foreseeable to LG Chem.

43.  LG Chem's 18650 lithium-ion battery was in a defective condition and unsafe, and LG Chem knew, had reason to know, or should have known that its battery was defective and unsafe.

44.  The nature and magnitude of the risk of harm associated with the design of LG Chem's 18650 lithium-ion battery, including the risk of spontaneous fire and/or explosion, is high in light of the intended and reasonably foreseeable uses of the battery.

45.     LG Chem knew, or should have known, at all times herein mentioned, that its 18650 lithium-ion batteries were in a defective condition and were inherently dangerous and unsafe. LG had actual knowledge that its 18650 lithium-ion batteries were being used in or with e-cig devices and that the batteries had experienced and would continue to experience spontaneous fires and/or explosions. LG had actual knowledge that the batteries had malfunctioned when used with these e-cig devices.  In fact, per the testimony of LG employee Yoon Shin (from another matter), LG had meetings related to the use of its e-cig batteries and then sent insufficient warnings to selected retailers.  Further, as demonstration of the actual awareness of its batteries causing injuries, LG took very limited action by only slightly reducing thickness of its battery tabs in response to the known injuries caused by these batteries.

46.     The acts and/or omissions of LG Chem as set out above constitute such an entire want of care as to indicate that the acts and/or omissions in question were the result of conscious indifference to the rights, welfare or safety of Schexnider, and/or constituted gross neglect, which was the proximate cause of Schexnider injuries.  Such acts were the direct and proximate cause of Schexnider's injuries.

47.     As a result of the gross negligence of LG Chem as set forth herein, Schexnider hereby seeks an award of exemplary damages as allowed by Texas law.

## Jury Demand

48.     Plaintiff demands that all issues of fact of this case by tried to a properly empaneled jury to the extent permitted under the law.

## Prayer for Relief

**WHEREFORE,** Plaintiff demands judgment against Defendant on each of the above-referenced claims and causes of action and as follows:

1. Awarding compensatory damages in excess of the jurisdictional amount including, but not limited to, pain, suffering, emotional distress, physical impairment, loss of enjoyment of life, disfigurement, and other non-economic damages available by law or statute in an amount to be determined at trial of this action;

2. Awarding economic damages in the form of medical expenses, out of pocket expenses, lost earning capacity, and other economic damages paid or owed by Plaintiff in an amount to be determined at trial of this action;

3. Punitive and/or exemplary damages for the grossly negligent acts of Defendant in an amount sufficient to punish Defendant and deter future similar conduct;

4. Prejudgment interest;

5. Post-judgment interest;

6. the costs of these proceedings; and

7. such other and further relief to which Plaintiff may be justly entitled and the Court deems just and proper.

Respectfully submitted,

**MILLER WEISBROD, L.L.P.**
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
(214) 987-0005
(214) 987-2545 Facsimile

*/s/ Robert Wolf*
**CLAY MILLER**
State Bar No. 00791266
cmiller@millerweisbrod.com
**ROBERT WOLF**
State Bar No. 24028234
rwolf@millerweisbrod.com
**LAWRENCE LASSITER**
State Bar No. 11969850
llassiter@millerweisbrod.com

**ATTORNEYS FOR PLAINTIFF**