IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAMON SCHEXNIDER, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> LG CHEM LTD OF KOREA, § <br> § <br> Defendant. § § § § | Case No. 6:21-cv-208-JDK |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS**

This is Plaintiff Damon Schexnider's second lawsuit against LG Chem LTD of Korea ("LG Chem"). In the first case, the Gregg County Court at Law No. 2 dismissed Schexnider's claims for lack of personal jurisdiction over LG Chem, a foreign company. The Sixth Court of Appeals affirmed. *See Schexnider v. E-Cig Cent., LLC*, 2020 WL 6929872, at *1 (Tex. App.—Texarkana, Nov. 25, 2020, no pet.) (mem. op.) *reh'g denied* (Dec. 15, 2020).

Six months later, Schexnider brought this lawsuit, arguing that collateral estoppel does not bar his claims because there has since been a significant change in the law governing personal jurisdiction. As explained below, however, the cases cited by Schexnider are insufficient to overcome the defense of collateral estoppel. The Court **GRANTS** LG Chem's motion to dismiss.

1

I.

In 2017, Damon Schexnider purchased vaping/e-cigarette equipment from the retail store E-Cig Central in Longview, Texas. Docket No. 1 ¶¶ 10–13. Among the equipment was an "18650 lithium-ion battery" (also known as an "HG2" battery) designed and manufactured by LG Chem. *Id.* A few months later, the battery "exploded" in Schexnider's pocket and severely burned him. *Id.*

Schexnider sued E-Cig Central and LG Chem in Texas state court for negligence and defective design. LG Chem, a South Korean company headquartered in Seoul and "incorporated outside the State of Texas," moved to dismiss for lack of personal jurisdiction. Docket No. 3 at 2. The lower court granted the motion and dismissed the case. On appeal, the Sixth Court of Appeals affirmed in relevant part. The court held that specific personal jurisdiction was lacking for two independent reasons: (1) "Schexnider has not shown that LG Chem has purposely availed itself of the privilege of conducting activities within Texas" and (2) "Schexnider has not shown that his claims arose out of or relate to LG Chem's Texas contacts." *Schexnider v. E-Cig Cent., LLC*, 2020 WL 6929872, at *8–9 (Tex. App.—Texarkana, Nov. 25, 2020, no pet.) (mem. op.) *reh'g denied* (Dec. 15, 2020). The court denied Schexnider's request for rehearing on December 15, 2020. *Id.* at *1.

After losing in state court, Schexnider filed this lawsuit, asserting the same state-law negligence and design defect claims against LG Chem. LG Chem again moved to dismiss, arguing that collateral estoppel precludes Schexnider from relitigating the existence of personal jurisdiction, and alternatively, that personal jurisdiction remains lacking. Docket No. 3. In support of its motion, LG Chem

presented a sworn declaration from an employee of LG Energy Solution, Ltd. (a subsidiary of LG Chem) attesting that LG Chem has never designed or manufactured 18650 lithium-ion batteries in Texas. The declaration also states that LG Chem has never sold such batteries to anyone for distribution into consumer markets as standalone replaceable batteries in Texas or anywhere else. *Id.*, Ex. 1 at 3.

## II.

The doctrine of collateral estoppel "precludes the relitigation of any ultimate issue actually litigated and essential to the judgment in the prior suit." *Deckert v. Wachovia Student Financial Services, Inc.*, 963 F.2d 816, 819 (5th Cir. 1992); *see also Kirby Lumber Corp. v. Southern Lumber Co.*, 196 S.W.2d 387, 388 (Tex. 1946) ("[W]here, in a former suit, an essential issue of fact has been determined and adjudicated, the judgment therein will stop the parties from relitigating the same issue in a subsequent suit.").[1] This includes the issue of personal jurisdiction. *See Deckert*, 963 F.2d at 819 (holding that a prior dismissal for lack of personal jurisdiction barred the plaintiff from relitigating that issue in another court). *See also Bank of Louisiana v. Fed. Deposit Ins. Corp.*, 33 F.4th 836 (5th Cir. 2022) ("[C]ases dismissed on jurisdictional grounds can have preclusive effect.").

---

[1] Collateral estoppel is related to the doctrine of res judicata. "[R]es judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466–67 (5th Cir. 2013). "[True] res judicata forecloses all that which might have been litigated previously, whereas collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Wills v. Arizon Structures Worldwide, L.L.C.*, 824 F.3d 541, 545 n.5 (5th Cir. 2016) (cleaned up). *See also Johnson v. United States*, 576 F.2d 606, 611 (5th Cir. 1978) ("Under [true res judicata], a judgment in a prior suit between the same parties bars a suit on the same cause of action not only as to all matters offered at the first proceeding, but also as to all issues that could have been litigated. Collateral estoppel, however, precludes relitigation only of those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action.").

Further, a federal court sitting in diversity "must give the same preclusive effect to state court judgments that such judgments would be afforded in the courts of the state from which the judgment originated." *Deckert*, 963 F.2d at 818. Thus, in *Deckert*, the Fifth Circuit held that a Texas state court's dismissal for lack of personal jurisdiction barred the plaintiff from relitigating the issue in federal court. *See id.* at 818–19. Because Texas law precludes relitigating personal jurisdiction, the court explained, the plaintiff "cannot now seek to relitigate in federal court the personal jurisdiction issue which was the basis of the state court's order of dismissal." *Id.* at 819. *See also Dontos v. Vendomation NZ Limited*, 582 F. App'x 338, 342 (5th Cir. 2014) (citation omitted).

Texas law recognizes only two exceptions to the collateral estoppel rule: where there has been "a change in the material facts" or "a change in statutory law or decisional law" that "may alter the legal rights or relations of the parties." *Marino v. State Farm Fire & Ca. Ins. Co.*, 787 S.W.2d 948, 949–50 (Tex. 1990). "The rationale underlying [these exceptions] is that no judgment can affect subsequently arising rights and duties." *Id.* In *Marino*, the supreme court held that res judicata did not bar a subsequent claim because a "change in decisional law" after the first case "not only conferred new rights upon [the plaintiff], but created an entirely new common-law cause of action." *Id.*

### A.

Schexnider does not dispute that a Texas state court already determined it lacks personal jurisdiction over LG Chem in a lawsuit between the parties. Nor does

Schexnider dispute that his claims against LG Chem are therefore barred by collateral estoppel unless an exception applies. *See* Docket No. 11 at 2–3. Instead, Schexnider argues for such an exception here based on "a significant change in the decisional law governing specific personal jurisdiction since the Texas court case was decided." *Id.* at 2. The Court disagrees.

Schexnider first cites *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), and argues that it "changed how courts apply the requirement that a plaintiff's claims must arise out of or relate to the defendant's forum contacts." *Id.* at 4. But *Ford* addressed only one of the requirements for finding specific personal jurisdiction. *Ford* did not address—much less "change"—the requirement that the foreign defendant purposefully avail itself of the forum state. *See, e.g., Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005) (discussing the elements of purposeful availment). The purposeful availment requirement was not at issue in *Ford* because Ford "d[id] not contest that it does substantial business" in the relevant states. 141 S. Ct. at 1026; *see also, e.g.*, *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1226 (10th Cir. 2021) ("[T]he purposeful-direction prong was not before the Court in *Ford*.").

Here, in contrast, the state court found that Schexnider failed to satisfy *both* requirements for satisfying personal jurisdiction—(1) Schexnider failed to show "that LG Chem has purposely availed itself of the privilege of conducting activities within Texas" and (2) failed to show "that his claims arose out of or relate to LG Chem's Texas contacts." *Schexnider*, 2020 WL 6929872, *8–9. Accordingly, *Ford* did not

5

"alter the legal rights or relations of the parties" here by "confer[ring] new rights upon" Schexnider—or do anything that would change the outcome in the state case between the parties. *Marino*, 787 S.W.2d at 949–50.

Schexnider next cites *Luciano v. Sprayfoampolymers.com, LLC*, 625 S.W.3d 1 (Tex. 2021), and argues that it "changed the law with respect to specific personal jurisdiction" by refusing to "require a causal connection between the activities a business conducted in Texas and the injuries the plaintiff suffered." Docket No. 11 at 8. But, like *Ford*, *Luciano* did not alter the purposeful availment requirement, which the Texas court found was lacking here. Rather, *Luciano* applied old law governing purposeful availment and then applied *Ford* to the second requirement that the claim must relate to the forum contacts. *Luciano*, 625 S.W.3d at 9–17. Thus, like *Ford*, *Luciano* is not a "change in decisional law" that can overcome the collateral estoppel doctrine here. *See Marino*, 787 S.W.2d at 949–50.[2]

The purpose of collateral estoppel is "to protect litigants 'from the burden of relitigating an identical issue with the same party or his privy, and [to] promot[e] judicial economy by preventing needless litigation.'" *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). The doctrine thus "prevent[s] repetitious litigation of what is essentially the same dispute," "maintain[s] consistency," and "avoid[s] oppression or harassment of the adverse party." *Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir.

---

[2] Schexnider does suggest that LG Chem's purposeful availment argument would fail "after *Ford* and *Luciano*," but he fails to cite any language in either opinion that altered the law regarding purposeful availment. *See* Docket No. 11. There is none.

2018) (citing Restatement (Second) of Judgments § 27, cmts. c, e (1982)). These principles apply here with full force.

### B.

Schexnider argues alternatively that the Court should defer consideration of LG Chem's motion to dismiss and permit limited jurisdictional discovery. Docket No. 11 at 11–12.

District courts have "broad discretion in all discovery matters." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). But "[w]hen seeking discovery on personal jurisdiction, a plaintiff must make a 'preliminary showing of jurisdiction' before being entitled to such discovery." *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe Gmbh*, 2015 WL 41622599, at *6 (N.D. Tex. July 9, 2015) (citing *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). And Schexnider cannot make such a showing without first overcoming collateral estoppel, which he has failed to do.

Schexnider, moreover, has not cited any authority permitting a plaintiff to conduct discovery to overcome a collateral estoppel defense—and the few courts discussing the issue have rejected it. *See, e.g., Pat. Rts. Prot. Grp. v. Cadillac Jack, Inc.*, 2009 WL 2242674, at *4 (D. Nev. July 27, 2009) (denying jurisdictional discovery because plaintiff was collaterally estopped from relitigating personal jurisdiction); *CP #1109, LLC v. Cont'l Motors, Inc.*, 2019 WL 3940995, at *2 (S.D.W. Va. Aug. 20, 2019), aff'd, No. 19-2021, 2021 WL 4316029 (4th Cir. Sept. 23, 2021) (denying jurisdictional discovery after granting motion to dismiss for lack of personal jurisdiction based on

collateral estoppel); *see also Rangel v. Rangel*, 2007 WL 291389, at *4 (Tex. App.—Fort Worth Feb. 1, 2007, no pet.) (mem. op.) (lawsuit barred by res judicata despite alleged change in material facts because "[r]easonable diligence" at the time of the first suit "could have determined any [necessary] facts" and plaintiff's "fail[ure] to avail herself of all appropriate discovery methods" in previous action "cannot now be the reason why [defendant] must defend against claims that should have already been brought").

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** LG Chem's motion to dismiss for lack of personal jurisdiction, **DENIES** Schexnider's request for jurisdictional discovery, and **DISMISSES WITHOUT PREJUDICE** Schexnider's claims. Because the Court lacks personal jurisdiction over LG Chem, it need not consider LG Chem's motion to dismiss for failure to state a claim.

So **ORDERED** and **SIGNED** this **16th** day of **June, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE